# The Proprietors of Enfield *vs.* N. Permit.

When a demandant in a writ of entry shows an actual seizin in himself, or in any one whose title he has, the tenant cannot disprove such seizin by showing a title in a stranger.

A grant of land by an act of the legislature vests an actual seizin in the grantee.

This was a writ of entry, brought to recover a tract of

land in Enfield, in this county; and was tried at May term, 1835, upon the general issue.

This is the case reported 5 *N. H. R.* 280, and the demanded premises lie between the two lines hereafter mentioned.

In the charter of Enfield, which was granted on the 4th July, 1761, the southerly line of the township is described as running south 68° east.

In the charter of Grantham the northerly line of the township is described as beginning at the south-west corner of Enfield, and running south 58° east, bounding on Enfield. The charter of Grantham was dated 8th June, 1767.

It was clearly shown that "*south 68° east*" had been inserted in the charter of Enfield by mistake, instead of "*south 58° east.*"

On the 18th June, 1802, an act of the legislature was passed, for the purpose of correcting this mistake, and the south line of Enfield declared to run south 58° east.

The demandants introduced evidence tending to prove that they had long since entered upon and claimed the gore of land between the line running south 58° east and the line running south 68° east.

In order to disprove the seizin of the demandants, the tenant offered to show that previous to the 8th June, 1767, when the township of Grantham was granted, the south line of Enfield had been actually located as running south 68° east, so that the demanded premises must be considered as within the township of Grantham.

But he set up no title or claim to the land, under the proprietors of Grantham; and the court being of opinion that the evidence offered proved an actual seizin in the demandants, which could not be disproved by showing a title in a stranger, a verdict was taken, by consent, for the demandants, subject to the opinion of the court upon the foregoing case.

*Perley*, for the demandants.

*Bell*, for the tenant.

RICHARDSON, C. J., delivered the opinion of the court.*

It must now be considered as settled law in this state, that where a demandant in a writ of entry shows an actual seizin in himself of the demanded premises, such seizin cannot be disproved on the part of the tenant by showing a title in a third person, under whom he does not claim. 3 *N. H. R.* 274, *Bailey* vs. *March ;* 13 *Pick.* 24, *King* vs. *Barns.*

But it is insisted, on the part of the tenant, that the evidence introduced by the demandants was insufficient to prove that they ever had an actual seizin of the gore of land in which the demanded premises lie. To this it was answered, that the act of the legislature, passed the 18th June, 1802, independent of the other testimony, gave the demandants an actual seizin.

We shall proceed to examine the legal effect of that act.

The proceedings in the legislature in relation to the said gore, clearly show that the understanding of the legislature and of the proprietors of Enfield and Grantham was, that the gore, through a mistake in the charter of Enfield, had been left ungranted ; and the object of the act was to vest the gore in the proprietors of Enfield, and locate the township of Enfield according to the intent of the charter. The act amounts to a grant of the gore to the proprietors of Enfield. 5 *N. H. R.* 280 ; 4 *Mason* 268, *Stokes* vs. *Dawes.*

It has always been held, in this state, that the deed of one who is actually seized, passes an actual seizin. Thus in *Bailey* vs. *March,* 3 *N. H. R.* 274, it was held, that to give a demandant an actual seizin, which could not be disproved by showing a title in a stranger, it was enough to show that he had a deed from one who had an actual seizin.

---

* PARKER, J., did not sit.

A grant of land by an act of the legislature vests an actual seizin in the grantee. The grant in such a case is a public act, much better calculated to give notoriety to the conveyance than an actual entry upon the land by an agent of the state, or by the grantee. And this notoriety of the grant is, in contemplation of law, equivalent to an actual entry by the grantee. 8 *Cranch* 246—248 ; 5 *Coke* 94 ; 3 *Green.* 441, *Hill* vs. *Dyer.*

When this case was before us on a former occasion, we were of opinion that the actual location of Enfield by the legislature was valid against all the world except the proprietors of Grantham. And we are now of opinion that the act of the legislature vested in the proprietors of Enfield an actual seizin of the gore, which in twenty years ripened into a complete title, even against the proprietors of Grantham, whatever their claims might have otherwise been, if during the twenty years they acquiesced in the act of the legislature without setting up any claim to the gore. The evidence offered, then, by the tenant, to prove a title in the proprietors of Grantham, was properly rejected, and there must be

*Judgment on the verdict.*